```
 1 │ V. James DeSimone, SBN 119668
   │ Kaveh Navab SBN 280235
 2 │ V. JAMES DESIMONE LAW
 3 │ 13160 Mindanao Way Suite 280
   │ Marina Del Rey, California  90292
 4 │ Telephone:  (310) 693-5561
 5 │ Fax: (310) 399-7040
   │ vjdesimone@gmail.com
 6 │ navablaw@gmail.com
 7 │ John Raphling, SBN 169554
   │ LAW OFFICE OF JOHN RAPHLING
 8 │ 723 Ocean Front Walk
   │ Venice, CA 90291-3270
 9 │ Telephone: (310) 450-8093
   │ Fax: (310) 399-7040
10 │ johnraphling@yahoo.com
11 │
12 │ Attorney for Plaintiff, SHERYN CAMPRONE, mother of deceased.
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERYN CAMPRONE,<br><br>             Plaintiffs,<br><br>      vs.<br><br>CITY OF LOS ANGELES, Police Officers CLIFFORD PROCTOR, JONATHAN KAWAHARA, Police Chief CHARLIE BECK, in his individual and official capacity; DOES 1-10, inclusive.<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br><br>2. Unreasonable Use of Deadly force a (42 U.S.C. § 1983)<br><br>3. Deprivation of Life Without Due Process (42 U.S.C. § 1983)<br><br>4. Interference with Parent-Child Relationship (42 U.S.C. §1983)<br><br>5. Municipal Liability for Unconstitutional Custom, Practice, or Policy—(42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SHERYN CAMPRONE, mother of DECEDENT BRENDON GLENN upon information and belief, alleges as follows:

## INTRODUCTION

1. DEFENDANT Officer Clifford Proctor of the Los Angeles Police Department shot Brendon Glenn in the back two times, killing him. Mr. Glenn was unarmed and not threatening anyone. The killing was completely unjustified. Officer Proctor's actions leave Mr. Glenn's mother without the love, companionship and support of her only son. PLAINTIFF SHERYN CAMPRONE ("PLAINTIFF") brings this lawsuit, seeking justice.

2. LAPD officers killed twenty-one people in 2015, a large percentage of them African-American men, like Mr. Glenn. DEFENDANT LAPD POLICE CHIEF CHARLIE BECK ("CHIEF BECK") has failed to impose adequate discipline on his officers who committed these killings, or who committed other types of excessive force, creating a culture of impunity within the LAPD that encourages such violence and incidents of unreasonable force against the public.

3. DEFENDANT CITY OF LOS ANGELES ("CITY") by summarily rejecting Mr. Glenn's family's Claim for Damages, has proved unwilling to accept responsibility for the wrong committed by its officers, even as Chief Beck has called for criminal prosecution of Officer Proctor. The City continues to hide from scrutiny by refusing to release the security camera videotape of the killing, despite persistent public demand. This lawsuit will require all Defendants to answer for the killing of Brendon Glenn.

4. This civil rights and action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the fatal police shooting of Mr. Glenn, on May 5, 2015.

5. DEFENDANT PROCTOR'S partner JONATHAN KAWAHARA proximately caused Mr. Glenn's and Plaintiff's injuries by integrally participating or failing to

intervene in the shooting, and by engaging in other acts and/ or omissions around the time of the shooting that resulted in Mr. Glenn's death, including detaining him without justification and using unreasonable force against him. Defendant Jonathan Kawahara is directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.

6. DEFENDANTS DOES 1-5 ("DOE OFFICERS") proximately caused DECEDENT's and Plaintiff's injuries by integrally participating or failing to intervene in the shooting, and by engaging in other acts and/ or omissions around the time of the shooting that resulted in his death. Defendants DOE OFFICERS are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.

7. DEFENDANTS CITY and DOES 6-10 also proximately caused Mr. Glenn's and Plaintiff's injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

8. The policies and customs behind shootings of civilians such as Mr. Glenn are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Plaintiff herein seeks by means of this civil rights action to hold accountable those responsible for the killing of Mr. Glenn and to challenge the CITY's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

## JURISDICTION

9. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331. This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

///
///

10. The incidents complained of occurred in Venice, CA, in City of Los Angeles. On May 5, 2015, at approximately 11:00 p.m., Decedent Brendon Glenn was shot and killed by Defendant PROCTOR in the presence of Defendant KAWAHARA.

## PARTIES

11. At all relevant times herein mentioned, PLAINTIFF, Sheryn Camprone, the mother of DECEDENT is a resident of the State of New York.

12. At all relevant times herein mentioned, Brendon Glenn, DECEDENT, was a resident of the County of Los Angeles, State of California and is of Italian-American and African-American descent.

13. Defendant City of Los Angeles (hereinafter referred to as "CITY") is and was a duly organized public entity; form unknown, existing as such under the laws of the State of California. At all relevant times, CITY was the employer of Defendants Clifford Proctor, Jonathan Kawahara, and DOES 1-10, who were CITY police officers, and managerial, supervisorial, and policymaking employees of the CITY police department. are sued in their individual capacity for damages only.

14. At all relevant times, Defendants Proctor, Jonathan Kawahara, and DOES 1 to 10 were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as CITY police officers and with the complete authority and ratification of their principal, Defendant CITY.

15. At all relevant times, Defendants Proctor, Jonathan Kawahara and DOES 1 to 10 were duly appointed CITY police officers and/or employees or agents of the CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

16. In doing the acts and failing and omitting to act as hereinafter described, Defendants Proctor, Jonathan Kawahara, and DOES 1 to 10 were acting on the implied and actual permission and consent of CITY.

///

17. Defendant Proctor was at all relevant times, the Police Officer that fatally shot Brendon Glenn and employed by the City of Los Angeles. Defendants DOES 1 to 10 were each duly appointed qualified and acting ranking officers, officials and employees of the Los Angeles Police Department and Defendant CITY, also charged by law with the supervision, management, control, operation and administration of the Los Angeles Police Department and with the responsibility, control, supervision, training, employment, assignment, discipline and removal of peace officers of the Los Angeles Police Department and CITY. Each said Defendant was acting within the course and scope of their said employment and under the color of state law, and as the employee, agent and representative of each other Defendant.

18. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

19. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

20. On September 23, 2015, Plaintiff timely filed a timely claim for damages with CITY pursuant to applicable sections of the California Government Code.

21. On October 2, 2015, Plaintiffs' claims were rejected by the City of Los Angeles.

///
///
///
///

## FACTS COMMON TO ALL CAUSES OF ACTION

22. On May 5, 2015 at around 11:00 p.m., Mr. Glenn was standing on the sidewalk near 52 Windward Avenue in Venice, CA, adjacent to the Townhouse Bar ("Townhouse").

23. On information and belief, the doorman at the Townhouse told Mr. Glenn that he had to move on and could not go inside or stay in front of the bar. The doorman came into physical contact with Mr. Glenn and Mr. Glenn was starting to leave when DEFENDANT Officers Proctor and Kawahara confronted Mr. Glenn.

24. DEFENDANT Officer Proctor and his partner Jonathan Kawahara decided to arrest Mr. Glenn, though he had committed no crime. The officers then grabbed Mr. Glenn without justification. DEFENDANT Officer Proctor then shot Mr. Glenn at least two times in the back, killing him

25. At no point did DEFENDANT Officers Proctor or Kawahara have reason to believe Mr. Glenn had committed a felony or any crime. They had neither reasonable suspicion to justify detaining him, nor probable cause to justify arresting him. Upon information and belief, Mr. Glenn was unarmed at all times.

26. Prior to using lethal force, DEFENDANT Officer Proctor gave no verbal command or warning. At no time prior to the shooting did Officer Proctor warn Mr. Glenn that he intended to shoot, or give him any commands as required by Police Officer Standard Training (POST), California law and Constitutional limits on the use of force.

27. DEFENDANT Jonathan Kawahara, Officer Proctor's partner, took no steps to intervene and/or prevent DEFENDANT Officer Proctor from killing Mr. Glenn.

28. Upon information and belief, after being shot, Mr. Glenn was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. DEFENDANTS did not timely summon medical care or permit medical personnel to treat Mr. Glenn. The delay of medical care to Mr. Glenn caused Mr. Glenn extreme physical and emotional pain and suffering, and was, on information and belief, a contributing cause of Mr. Glenn's death.

29. The use of deadly force against Mr. Glenn was excessive and objectively unreasonable under the circumstances, especially because Mr. Glenn did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

30. On information and belief, Chief Beck and the City of Los Angeles have not stated that any discipline or re-training of these officers has occurred. They have taken possession of a security camera video-tape of the killing, but have refused make it public.

31. Plaintiff Sheryn Camprone is Mr. Glenn's mother and suffered a loss of her parental relationship with her son.

## FIRST CLAIM FOR RELIEF

Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)

(Against All DEFENDANTS)

32. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. When DEFENDANT Officers Proctor and Kawahara, unlawfully stopped and detained Mr. Glenn they violated his right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. Glenn under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34. DEFENDANT Officers Proctor and Kawahara detained Mr. Glenn without reasonable suspicion and arrested him without probable cause.

35. When DEFENDANT Officer Proctor shot Mr. Glenn he violated his right to be secure in his person against unreasonable searches and seizures as guaranteed to the Mr. Glenn under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36. The conduct of DEFENDANT Officers Proctor and Kawahara was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Glenn and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

37. As a result of their misconduct, DEFENDANT Officers Proctor and Kawahara are liable for Mr. Glenn's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

38. Plaintiff Sheryn Camprone brings this claim as the mother of Mr. Glenn and also seeks attorneys' fees under this claim.

## SECOND CLAIM FOR RELIEF

Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

(Against All DEFENDANTS)

39. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40. DEFENDANT Officer Proctor's unjustified shooting and use of deadly force was both excessive and unreasonable under the circumstances. Defendant's unjustified killing of Mr. Glenn deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. Glenn under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Plaintiff as mother of Brendon Glenn has the right and standing to assert Mr. Glenn's claim for his violation of his Fourth and Fourteenth Amendment rights.

41. Defendant's use of deadly force was both excessive and unreasonable, especially because Mr. Glenn posed no immediate threat of death or serious bodily injury at the time of the shooting to the officers or others.

42. Defendants' unlawful use of deadly force caused Mr. Glenn to suffer extreme pain and suffering, loss of enjoyment of life, earning capacity, his relationship with his son, family and friends, and his untimely death when he was fatally shot by DEFENDANT Officer Proctor, who was acting under the color of law and as an employee of the LAPD. Jonathan Kawahara and DOES 1-10, inclusive, integrally participated in or failed to

1 intervene in the shooting.

43. Defendant Proctor's shooting and use of force violated his training, Post requirements and California and Federal law.

44. As a direct and legal result of the aforesaid acts and omissions of Defendants, and each of them, Mr. Glenn was deprived of his liberty and life without warrant or justification.

45. As a result of their conduct, Defendants are liable for Mr. Glenn's injuries either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent those violations.

46. As a direct and legal result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff Sheryn Camprone suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the continued loss of her son's love, affection, society, support, and companionship for the remainder of her life.

47. Plaintiff is informed and believes and thereon alleges that the acts of the individual defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

### THIRD CLAIM FOR RELIF

Deprivation of Life Without Due Process-(42 U.S.C. § 1983)

(Against All Defendants)

48. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49. DEFENDANT Officer Proctor acted under color of state law within the course and scope of his duties as an LAPD officer when he wrongfully killed Mr. Glenn who posed

no imminent threat of danger to defendant or anyone else. He was unarmed and posed no threat when DEFENDANT Officer Proctor unjustifiably used excessive force and shot and killed Mr. Glenn.

50. Plaintiff, Sheryn Camprone has a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in her relationship with her son Mr. Glenn.

51. As a result of the excessive force by DEFENDANT Officer Proctor while acting under color of state law, DEFENDANT Officer Proctor shot and killed Mr. Glenn thereby depriving him of his life without due process of law. Defendant's actions also caused Mr. Glenn extreme pain and suffering, loss of life, earning capacity and his relationship with his child, family, and friends. Plaintiff Sheryn Camprone has thereby been deprived of her constitutional right of a familial relationship with her son.

52. DEFENDANT Officers Proctor and Kawahara's actions, shocked the conscience, in that deliberation was practical and DEFENDANT Officers Proctor and Kawahara acted with deliberate indifference to Plaintiff's constitutional rights, and with the purpose to harm unrelated to any legitimate law enforcement objective.

53. As a legal result of their conduct, Defendants are liable for Mr. Glenn's injuries, either because they were integral participants in the deprivation of life without due process, or they failed to intervene to prevent those violations.

54. The claim against Defendant CITY and Police Chief Charlie Beck and Does 1-10 is based upon Plaintiff's allegations that CITY's policies, practices or customs were a cause of the injuries suffered by Mr. Glenn and Plaintiff herein, and as set forth above.

55. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the

loss of Mr. Glenn's love, affection, society, support, and companionship.

56. Plaintiff is informed and believes and thereon alleges that the acts of the individual defendants were willful, wanton, malicious, intentional, oppressive and done with willful and conscious disregard of Plaintiff's rights, welfare and safety of those of her son, justifying the awarding of punitive and exemplary damages in an amount to be determined at tie of trial.

57. Plaintiff Sheryn Camprone brings this claim as the mother of Mr. Glenn and also seeks attorneys' fees under this claim.

## FOURTH CLAIM FOR RELIEF
Interference with Parent-Child Relationship-(42 U.S.C. § 1983)
(Against All Defendants)

58. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59. By wrongfully killing Mr. Glenn by shooting him in the back when he was unarmed, Defendants deprived Plaintiff of her Fourteenth Amendment right to a familial relationship with Mr. Glenn. Defendants acted with deliberate indifference to Plaintiff's rights and/or their unlawful conduct shocks the conscience.

60. Defendants' interference with the parent-child relationship caused Mr. Glenn extreme pain and suffering, loss of life and earning capacity. Defendants' actions also deprived Plaintiff of the life-long love, companionship, support, society, care, and sustenance of her son Mr. Glenn, and she will continue to be so deprived for the remainder of her life.

61. As a result of their conduct, Defendants are liable for Mr. Glenn's injuries and loss of life, either because they were integral participants in the interference with the parental-child relationship, or because they failed to intervene to prevent these violations.

62. The claim against Defendant CITY and Officer Proctor, Jonathan Kawahara and Does 1-10 is based upon Plaintiff's allegations that CITY's policies, practices or customs

1 | were a cause of the injuries suffered by Mr. Glenn and Plaintiff herein, as set forth above.
63. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Glenn's love, affection, society, support, and companionship.

64. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety and those of her son, justify the awarding of punitive and exemplary damages in an amount to be determined at time of trial. Plaintiff brings this claim as successor- in-interest to Mr. Glenn, and seeks both survival and wrongful death damages under federal law for the violation of Mr. Glenn's rights. Plaintiff also seeks attorneys' fees under this claim.

### FIFTH CLAIM FOR RELIEF

Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)
(Against Defendants CITY, BECK and DOES 1-10)

65. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

66. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), on and for some time prior to May 5, 2015 (and continuing to the present date), Defendants CITY, BECK and DOES 1-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and Mr. Glenn, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a. Failure to provide adequate training and supervision to police officers with respect

to constitutional limits on the use of deadly force;

b. Employing and retaining as police officers and other personnel, including DEFENDANT Officers Proctor and Kawahara, whom Defendants CITY BECK and DOES 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LAPD policies, including the use of excessive force;

c. Of inadequately supervising, training, controlling, assigning, and disciplining CITY OFFICERS and other personnel, including DEFENDANT Officers Proctor and Kawahara and DOE OFFICERS, whom Defendants CITY, BECK and DOES 1-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

d. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANT Officer Proctor and Kawahara and DOE OFFICERS, who are Officers and/or agents of CITY;

e. By failing to meaningfully investigate and adequately discipline DEFENDANT Officer Proctor and Kawahara and/or other LAPD police and correctional officers' conduct, including but not limited to, unlawful detention and excessive force;

f. By ratifying the intentional misconduct of DEFENDANT Officers Proctor and Kawahara and other officers and/ or agents, who are officers and/or agents of CITY;

g. By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants CITY, BECK and DOES 1-10 were maintained with a deliberate indifference to individuals' safety and rights; and

h. By failing to properly investigate claims of unlawful detention and excessive force

by ;and LAPD police and correctional officers'

i.    Condonation and encouragement of officers in the belief that they can violate the rights of persons such as Mr. Glenn with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

67.    By reason of the aforementioned policies and practices of Defendants CITY, BECK, and DOES 1-10, Mr. Glenn was severely injured and subjected to pain and suffering and lost his life.

68.    Defendants CITY, BECK, and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Mr. Glenn, Plaintiff, and other individuals similarly situated.

69.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants BECK and DOES 1-10 acted with intentional, reckless, and callous disregard for the life of Mr. Glenn and for Mr. Glenn's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, BECK and DOES 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of Mr. Glenn and Plaintiff.

70.    The actions of each of Defendants DOES 1-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

71.    By reason of the aforementioned acts and omissions of Defendants CITY, BECK and DOES 1-10, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, and future support.

72. Accordingly, Defendants CITY, BECK and DOES 1-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

73. Plaintiff also seeks attorney fees under this claim.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;
2. For Special damages according to proof;
3. For Punitive damages as provided by law, in an amount to be proved against each individual Defendant (not including CITY);
4. For attorney's fees pursuant to 42 U.S.C § 1988;
5. For Costs of suit;
6. For such other and further relief as the Court may deem proper.

Dated: January __, 2016  **V. JAMES DESIMONE LAW**

By:_____
V. James DeSimone, Esq.
Kaveh Navab, Esq.
Attorney for Plaintiff

Dated: January __, 2016  **LAW OFFICE OF JOHN RAPHLING**

By:_____
John Raphling, Esq.
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: January ____, 2016        **V. JAMES DESIMONE LAW.**

By: _____
V. James DeSimone, Esq.
Kaveh Navab, Esq.
Attorney for Plaintiff


Dated: January ____, 2016        **LAW OFFICE OF JOHN RAPHLING**

By: _____
John Raphling, Esq.
Attorney for Plaintiffs

72. Accordingly, Defendants CITY, BECK and DOES 1-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

73. Plaintiff also seeks attorney fees under this claim.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;
2. For Special damages according to proof;
3. For Punitive damages as provided by law, in an amount to be proved against each individual Defendant (not including CITY);
4. For attorney's fees pursuant to 42 U.S.C § 1988;
5. For Costs of suit;
6. For such other and further relief as the Court may deem proper.

Dated: February __, 2016

**V. JAMES DESIMONE LAW**

By: _____
V. James DeSimone, Esq.
Kaveh Navab, Esq.
Attorney for Plaintiff

Dated: February 8, 2016

**LAW OFFICE OF JOHN RAPHLING**

By: _____
John Raphling, Esq.
Attorney for Plaintiffs

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: February __, 2016

V. JAMES DESIMONE LAW.

By: _____
V. James DeSimone, Esq.
Kaveh Navab, Esq.
Attorney for Plaintiff

Dated: February 8, 2016

LAW OFFICE OF JOHN RAPHLING

By: _____
John Raphling, Esq.
Attorney for Plaintiffs