1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Warren M. Williams, State Bar No. 228742
   E-Mail: wwilliams@hurrellcantrall.com
3  Angela Y. Park, State Bar No. 287315
   E-Mail: anyoung@hurrellcantrall.com
4  HURRELL CANTRALL LLP
   300 South Grand Avenue, Suite 1300
5  Los Angeles, California 90071
   Telephone: (213) 426-2000
6  Facsimile: (213) 426-2020

7  Attorneys for Defendant OFFICER CLIFFORD PROCTOR

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11

| | |
|---|---|
| SHERYN CAMPRONE, | CASE NO. CV16-00885 R (JCx) |
| Plaintiff, | **DEFENDANT OFFICER CLIFFORD PROCTOR'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |
| v. | |
| CITY OF LOS ANGELES, Police Officers CLIFFORD PROCTOR, JONATHAN KAWAHARA, Police Chief CHARLIE BECK, in his individual and official capacity; DOES 1-10, inclusive, | |
| | Date Filed:        2/09/16 |
| | Trial Date:       2/07/17 |
| Defendant. | |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

Defendant OFFICER CLIFFORD PROCTOR ("OFFICER PROCTOR" or "Defendant") answers the Complaint for Damages filed by Plaintiff SHERYN CAMPRONE for himself and for no other parties, admits, denies and alleges as follows:

## "INTRODUCTION"

1.      Answering paragraph 1, Defendant admits he shot Brendon Glenn in self defense and the defense of others and that it was otherwise justified. Defendant denies Mr. Glenn was not threatening anyone. Defendant denies the killing was

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  unjustified.  Defendant lacks sufficient information and belief upon which to answer

2  the other allegations and on that basis denies the allegations therein.

3      2.      Answering paragraph 2, Defendant lacks sufficient information and

4  belief upon which to answer the allegations and on that basis denies the allegations

5  therein.

6      3.      Answering paragraph 3, Defendant lacks sufficient information and

7  belief upon which to answer the allegations and on that basis denies the allegations

8  therein.

9      4.      Answering paragraph 4, Defendant admits this action seeks

10  compensatory and punitive damages in connection with the fatal shooting of Mr.

11  Glenn.  Defendant denies violating Mr. Glenn's or Plaintiff's rights.

12      5.      Answering paragraph 5, Defendant lacks sufficient information and

13  belief upon which to answer the allegations and on that basis denies the allegations

14  therein.

15      6.      Answering paragraph 6, Defendant lacks sufficient information and

16  belief upon which to answer the allegations and on that basis denies the allegations

17  therein.

18      7.      Answering paragraph 7, Defendant lacks sufficient information and

19  belief upon which to answer the allegations and on that basis denies the allegations

20  therein.

21      8.      Answering paragraph 8, Defendant lacks sufficient information and

22  belief upon which to answer the allegations and on that basis denies the allegations

23  therein.

## "JURISDICTION"

25      9.      Answering paragraph 9, Defendant admits that this Court has

26  jurisdiction over this matter.

27      10.      Answering paragraph 10, Defendant admits that, on May 5, 2015 in

28  Venice, CA, in the City of Los Angeles, he shot Mr. Glenn in self defense and the

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1   defense of others and that it was otherwise justified.

2   **"PARTIES"**

3         11.     Answering paragraph 11, Defendant lacks sufficient information and
4 belief upon which to answer the allegations and on that basis denies the allegations
5 therein.

6         12.     Answering paragraph 12, Defendant lacks sufficient information and
7 belief upon which to answer the allegations and on that basis denies the allegations
8 therein.

9         13.     Answering paragraph 13, Defendant admits that the CITY OF LOS
10 ANGELES ("CITY") is a municipal corporation in the State of California and that it
11 employed Defendant JONATHAN KAWAHARA at all relevant times. As to the
12 remaining allegations, Defendant lacks sufficient information and belief upon which
13 to answer those allegations and on that basis denies the allegations.

14         14.     Answering paragraph 14, Defendant admits that he and defendant
15 JONATHAN KAWAHARA at all relevant times were employed by the CITY
16 acting in the course and scope of their employment as police officers. Defendant
17 denies that he was acting "under color of law" insofar as that language denotes
18 acting under the pretense or mere semblance of a legal right as opposed to having a
19 legal right. As to the remaining allegations, Defendant lacks sufficient information
20 and belief upon which to answer those allegations and on that basis denies the
21 allegations.

22         15.     Answering paragraph 15, Defendant admits that he and defendant
23 JONATHAN KAWAHARA at all relevant times were employed by the CITY. As
24 to the remaining allegations, Defendant lacks sufficient information and belief upon
25 which to answer those allegations and on that basis denies the allegations.

26         16.     Answering paragraph 16, Defendant lacks sufficient information and
27 belief upon which to answer the allegations and on that basis denies the allegations
28 therein.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

17. Answering paragraph 17, Defendant admits that he was employed by the City and that he shot Mr. Glenn in self defense and the defense of others and that the shooting was otherwise justified. As to the remaining allegations, Defendant lacks sufficient information and belief upon which to answer those allegations and on that basis denies the allegations.

18. Answering paragraph 18, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

19. Answering paragraph 19, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

20. Answering paragraph 20, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

21. Answering paragraph 21, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

### "FACTS COMMON TO ALL CAUSES OF ACTION"

22. Answering paragraph 22, Defendant admits Mr. Glenn was near the Townhouse Bar around 11:00 p.m. on May 5, 2015. As to the remaining allegations, Defendant lacks sufficient information and belief upon which to answer those allegations and on that basis denies the allegations.

23. Answering paragraph 23, Defendant admits Mr. Glenn entered into a physical contact including an altercation with someone from the Townhouse Bar Defendant admits Defendant and JONATHAN KAWAHARA approached Mr. Glenn. As to the remaining allegations, Defendant lacks sufficient information and belief upon which to answer those allegations and on that basis denies the allegations.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

24. Answering paragraph 24, Defendant admits he and JONATHAN KAWAHARA decided to arrest Mr. Glenn. Defendant admits that he shot Mr. Glenn in self defense and the defense of others and that it was otherwise justified. Defendant denies Mr. Glenn had committed no crime. Defendant denies the officers had no justification to grab Mr. Glenn to arrest him. As to the remaining allegations, Defendant lacks sufficient information and belief upon which to answer those allegations and on that basis denies the allegations.

25. Answering paragraph 25, Defendant denies the allegations therein.

26. Answering paragraph 26, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein. Moreover, plaintiff's allegations in said paragraph are overbroad and vague and ambiguous and thus defendant is unable to admit or deny the allegations and on this basis defendant denies each and every allegation in said paragraph.

27. Answering paragraph 27, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

28. Answering paragraph 28, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein. Moreover, plaintiff's allegations in said paragraph are overbroad and vague and ambiguous and thus defendant is unable to admit or deny the allegations and on this basis defendant denies each and every allegation in said paragraph.

29. Answering paragraph 29, Defendant denies the allegations therein.

30. Answering paragraph 30, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

31. Answering paragraph 31, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

1

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## "FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. §1983)

### (Against All DEFENDANTS)"

32.  Answering Paragraph 32, Defendant acknowledges that Plaintiff is re-alleging paragraphs 1-31 and Defendant answers said allegations to the extent previously answered.

33.  Answering paragraph 33, Defendant admits the officers attempted to stop and detain Mr. Glenn.  Defendant denies the other allegations therein.

34.  Answering paragraph 34, Defendant admits the officers attempted to detain and arrest Mr. Glenn.  Defendant denies the other allegations therein.

35.  Answering paragraph 35, Defendant admits he shot Mr. Glenn in self defense and the defense of others and that it was otherwise justified.  Defendant denies the other allegations therein.

36.  Answering paragraph 36, Defendant denies the allegations therein.

37.  Answering paragraph 37, Defendant denies the allegations therein.

38.  Answering paragraph 38, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

## "SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Excessive Force (42 U.S.C. §1983)

### (Against All DEFENDANTS)"

39.  Answering Paragraph 39, Defendant acknowledges that Plaintiff is re-alleging paragraphs 1-38 and Defendant answers said allegations to the extent previously answered.

40.  Answering paragraph 40, Defendant admits he shot Mr. Glenn in self defense and the defense of others and that it was otherwise justified.  Defendant denies the other allegations therein.

/ / /

41.     Answering paragraph 41, Defendant denies the allegations therein.

42.     Answering paragraph 42, Defendant admits he shot Mr. Glenn in self defense and the defense of others and that it was otherwise justified.  Defendant admits he was acting as an employee of LAPD.  Defendant denies that he was acting "under color of law" insofar as that language denotes acting under the pretense or mere semblance of a legal right as opposed to having a legal right.  Defendant denies Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission.  Defendant lacks sufficient information and belief upon which to answer the other allegations and on that basis denies those allegations therein.

43.     Answering paragraph 43, Defendant denies the allegations therein.

44.     Answering paragraph 44, Defendant denies the allegations therein.

45.     Answering paragraph 45, Defendant denies the allegations therein.

46.     Answering paragraph 46, Defendant denies the allegations therein. Defendant denies Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission.

47.     Answering paragraph 47, Defendant denies the allegations therein. Defendant denies Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission.

## "THIRD CLAIM FOR RELIEF

## Deprivation of Life Without Due Process - (42 U.S.C. §1983)

## (Against All DEFENDANTS)"

48.     Answering paragraph 48, Defendant acknowledges that Plaintiff is re-alleging paragraphs 1-47 and Defendant answers said allegations to the extent previously answered.

49.     Answering paragraph 49, Defendant admits he shot Mr. Glenn in self defense and the defense of others and that it was otherwise justified.  Defendant admits he was acting as an employee of LAPD.  Defendant denies that he was acting "under color of state law" insofar as that language denotes acting under the pretense

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1   or mere semblance of a legal right as opposed to having a legal right. Defendant

2   denies Plaintiff is entitled to an award of damages or any other relief as a result of

3   any act or omission. Defendant denies the other allegations therein.

4       50.     Answering paragraph 50, Defendant denies the allegations therein.

5       51.     Answering paragraph 51, Defendant admits he shot Mr. Glenn in self

6   defense and the defense of others and that it was otherwise justified. Defendant

7   denies the other allegations therein.

8       52.     Answering paragraph 52, Defendant denies the allegations therein.

9       53.     Answering paragraph 53, Defendant denies the allegations therein.

10      54.     Answering paragraph 54, Defendant lacks sufficient information and

11   belief upon which to answer the allegations and on that basis denies the allegations

12   therein.

13      55.     Answering paragraph 55, Defendant denies the allegations therein.

14      56.     Answering paragraph 56, Defendant denies the allegations therein.

15      57.     Answering paragraph 57, Defendant lacks sufficient information and

16   belief upon which to answer the allegations and on that basis denies the allegations

17   therein.

### "FOURTH CLAIM FOR RELIEF

### Interference with parent-Child Relationship - (42 U.S.C. §1983)

### (Against All DEFENDANTS)"

21      58.     Answering paragraph 58, Defendant acknowledges that Plaintiff is re-

22   alleging paragraphs 1-57 and Defendant answers said allegations to the extent

23   previously answered.

24      59.     Answering paragraph 59, Defendant admits he shot Mr. Glenn in self

25   defense and the defense of others and that it was otherwise justified. Defendant

26   denies it was wrongful. Defendant denies Plaintiff is entitled to an award of

27   damages or any other relief as a result of any act or omission. Defendant denies the

28   other allegations therein.

60.    Answering paragraph 60, Defendant denies the allegations therein. Defendant denies Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission.

61.    Answering paragraph 61, Defendant denies the allegations therein. Defendant denies Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission.

62.    Answering paragraph 62, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

63.    Answering paragraph 63, Defendant denies the allegations therein. Defendant denies Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission.

64.    Answering paragraph 64, Defendant denies the allegations therein. Defendant denies Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission.

## "FIFTH CLAIM FOR RELIEF

## Municipal Liability for Unconstitutional Custom or Policy - (42 U.S.C. §1983)

## (Against Defendants CITY, BECK and DOES 1-10)"

65.    Answering paragraph 65, Defendant acknowledges that Plaintiff is re-alleging paragraphs 1-64 and Defendant answers said allegations to the extent previously answered.

66.    Answering paragraph 66, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

67.    Answering paragraph 67, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

/ / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

68.     Answering paragraph 68, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

69.     Answering paragraph 69, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

70.     Answering paragraph 70, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

71.     Answering paragraph 71, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

72.     Answering paragraph 72, Defendant lacks sufficient information and belief upon which to answer the allegations and on that basis denies the allegations therein.

73.     Answering paragraph 73, Defendant denies Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission.

## "PRAYER"

74.     In answer to Plaintiff's Prayer for Relief, paragraphs 1-6, Defendant denies generally and specifically each and every allegation contained therein as it refers to Defendant, and further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendant.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

75.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's COMPLAINT fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

///

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## SECOND AFFIRMATIVE DEFENSE

76.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's COMPLAINT fails to state a claim under 42 U.S.C. 1983 for Fourth and Fourteenth Amendment violations upon which relief can be granted against Defendant.

## THIRD AFFIRMATIVE DEFENSE

77.     As a separate and distinct affirmative defense, Defendant alleges he is entitled to qualified immunity since there is no constitutional violation on the facts alleged, the applicable law was not clearly established, and reasonable officials in Defendant's position could have believed their conduct was lawful.

## FOURTH AFFIRMATIVE DEFENSE

78.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims against him are barred as Defendant has absolute immunity from the allegations set forth in Plaintiff's COMPLAINT.

## FIFTH AFFIRMATIVE DEFENSE

79.     As a separate and distinct affirmative defense, Defendant alleges that the COMPLAINT, and each claim contained therein, is barred as Defendant was not the cause in fact of any alleged damage, injury, or loss to Plaintiff, if any.

## FIFTH AFFIRMATIVE DEFENSE

80.     As a separate and distinct affirmative defense, Defendant alleges that the COMPLAINT, and each claim contained therein, is barred as Defendant was not a substantial cause of any alleged damage, injury, or loss to Plaintiff, if any.

## SIXTH AFFIRMATIVE DEFENSE

81.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's COMPLAINT, and each and every claim contained therein, and/or any amendments thereto, is barred by the applicable statute of limitations, including, but not limited to California Code of Civil Procedure § 335.1, 340, 342, 343, 352 and 583.210.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## SEVENTH AFFIRMATIVE DEFENSE

82.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's COMPLAINT, and each claim contained therein, is barred pursuant to the equitable doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

83.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is estopped by his own acts or omissions or the acts or omissions of decedent from recovery against Defendant for the claims asserted in the COMPLAINT.

## NINTH AFFIRMATIVE DEFENSE

84.    As a separate and distinct affirmative defense, Defendant alleges that the COMPLAINT, and each claim contained therein, is barred pursuant to the equitable doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

85.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or decedent did not exercise ordinary care, caution, prudence, and good faith in connection with the events that are alleged in the COMPLAINT; Plaintiff's and/or decedent's lack of care, caution, prudence, and good faith was independent and unrelated to the actions or omissions, if any, of Defendant.  Therefore, Plaintiff is barred from recovery against Defendant, or, alternatively, Plaintiff's recovery, if any, should be proportionately reduced.

## ELEVENTH AFFIRMATIVE DEFENSE

86.    As a separate and distinct affirmative defense, Defendant alleges that on or before the date of the subject incident, Plaintiff and/or decedent knew or reasonably should have known the hazards or dangers involved and, as a result, voluntarily assumed the risks in and about the matters alleged in the COMPLAINT.

/ / /

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

87.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's alleged damages, if any, described in the COMPLAINT, were caused by persons and/or entities other than Defendant, who failed to exercise ordinary care, caution, or prudence and were negligent or acted wrongfully in their dealing with decedent, and that at all times, said persons or entities were acting without consent, authorization, knowledge and/or ratification of Defendant.   Accordingly, any recovery against Defendant by Plaintiff, if any, must be precluded and/or reduced in a proportionate amount to the fault on the part of such other persons and/or entities.

**THIRTEENTH AFFIRMATIVE DEFENSE**

88.     As a separate and distinct affirmative defense, Defendant alleges his conduct, if any, which is the subject of Plaintiff's COMPLAINT, was absolutely and/or conditionally legally privileged, and/or justified.   Further, all actions by Defendant were undertaken in good faith and reasonable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

89.     As a separate and distinct affirmative defense, Defendant alleges he is not liable in that the injuries and damages, if any, were caused by the acts or omissions of other persons.

**FIFTEENTH AFFIRMATIVE DEFENSE**

90.     As a separate and distinct affirmative defense, Defendant alleges that on or about the time, date and place alleged in Plaintiff's COMPLAINT, the conduct of Plaintiff, decedent and/or third-persons was of such a nature as to constitute an independent, intervening and superseding cause, which was the sole and proximate cause of the injuries and damages allegedly suffered by Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

91.     As a separate and distinct affirmative defense, Defendant alleges he is not liable in that the injuries and damages, if any, were caused by the institution or prosecution of a judicial or administrative proceeding.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## SEVENTEENTH AFFIRMATIVE DEFENSE

92.     As a separate and distinct affirmative defense, Defendant alleges his acts or omissions were discretionary, requiring personal deliberation, decision and judgment which were done honestly, reasonably, and in good faith, and by virtue of which he is immune from liability under 42 U.S.C. § 1983.

## EIGHTEENTH AFFIRMATIVE DEFENSE

93.     As a separate and distinct affirmative defense, Defendant alleges the COMPLAINT fails to state sufficient facts to entitle Plaintiff to punitive or exemplary damages from the Defendant as a matter of law.

## NINETEENTH AFFIRMATIVE DEFENSE

94.     As a separate and distinct affirmative defense, Defendant alleges that all the causes of action set forth in Plaintiff's COMPLAINT are barred because Plaintiff and/or decedent failed to take reasonable steps to mitigate damages.

## TWENTIETH AFFIRMATIVE DEFENSE

95.     As a separate and distinct affirmative defense, Defendant alleges that he is not liable in that any physical force or contact utilized was based on consent or reasonable for the lawful defense of himself or others.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

96.     As a separate and distinct affirmative defense, Defendant alleges that the Plaintiff's claims are barred by the failure of Plaintiff to exhaust all administrative remedies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

97.     As a separate and distinct affirmative defense, Defendant alleges he cannot be liable as any and all force used was objectively reasonable under the circumstances.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

98.     As a separate and distinct affirmative defense, Defendant alleges he is shielded from liability for civil damages insofar as the conduct in this case did not

1 violate any statutory or constitutional right of which a reasonable person would have
2 known.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

99.     As a separate and distinct affirmative defense, Defendant alleges he is not liable for any policymaking decisions, customs, or practices as implemented.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

100.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

101.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by their failure to join, in a timely fashion, indispensible and/or necessary parties to the action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

102.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims and/or damages are barred and/or limited by the doctrine of offset.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

103.    As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because if Plaintiff prevails it will imply the invalidity of the criminal charges against decedent.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

104.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's COMPLAINT, and each and every claim contained therein, was not filed within the prescribed time limitations including but not limited to, California Government Code Sections 911.2, 945.6, 950.2, and 950.6.

### THIRTIETH AFFIRMATIVE DEFENSE

105.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the failure to timely comply with the administrative

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

claim provisions of California Government Code Sections 910, 911.2 and 945.4.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

106.    As a separate and distinct affirmative defense, Plaintiff has failed to fully comply with the California Government Tort Claims Act.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

107.    As a separate and distinct affirmative defense, Defendant alleges he is not liable pursuant to statute by operation of California Government Code Section 822.2 for misrepresentations by employees.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

108.    As a separate and distinct affirmative defense, Defendant alleges he is not liable for any acts in good faith under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, and are further not liable pursuant to Government Code Section 820.6.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

109.    As a separate and distinct affirmative defense, Defendant alleges he is not liable pursuant to statute by operation of California Government Code Section 821 for the adoption or failure to adopt or enforce any law.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

110.    As a separate and distinct affirmative defense, Defendant alleges he is not liable by operation of California Government Code Section 820.2, in that the injuries and damages, if any, were the result of the exercise of the discretion vested in public officers and employees.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

111.    As a separate and distinct affirmative defense, Defendant alleges he is not liable by operation of California Government Code Section 820.4 for the execution or enforcement of the law by public officers or employees exercising due care.

/ / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

112.    As a separate and distinct affirmative defense, Defendant alleges he is not liable by operation of California Government Code Section and 820.8, in that the injuries and damages, if any, were caused by the acts or omissions of other persons.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

113.    As a separate and distinct affirmative defense, Defendant alleges that he is not liable in that any physical force or contact utilized was reasonable for the lawful defense of the officer(s) or others.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

114.    As a separate and distinct affirmative defense, Defendant alleges he is not liable under California Penal Code Sections 835, 836, 836.5(b) and 847(b) in that any restraint used to detain was reasonable.

## FORTIETH AFFIRMATIVE DEFENSE

115.    As a separate and distinct affirmative defense, Defendant alleges he is not liable by operation of Penal Code Section 835a in that any physical force or contact utilized was reasonable and lawful, including to prevent escape or overcome resistance.

## FORTY-FIRST AFFIRMATIVE DEFENSE

116.    As a separate and distinct affirmative defense, Defendant alleges each and every act or omission of said Defendant were made in good faith and in the reasonable belief in the necessity or propriety of such act or omission for the proper execution and enforcement of the law.

## FORTY-SECOND AFFIRMATIVE DEFENSE

117.    As a separate and distinct affirmative defense, Defendant alleges Plaintiff's COMPLAINT, and each claim contained therein, is barred pursuant to the doctrine of unclean hands.

/ / /

-17-

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

### FORTY-THIRD AFFIRMATIVE DEFENSE

118.   As a separate and distinct affirmative defense, Defendant alleges plaintiff's claims are barred as to Defendant as he is immunity from liability pursuant to the provisions of the following California statues, each of which is set forth as a distinct affirmative defense: California Government Code sections 820, 821.6, 821.8, 845, 845.6, 846, 850.8, 855.6, 855.6, 855.8, 856, 856.2, 856.4 and California Civil Code section 43.55.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

119.   As a separate and distinct affirmative defense, plaintiff has not fulfilled the requirements to seek damages pursuant to California Code of Civil Procedure section 377.30 et seq.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

120.   As a separate and distinct affirmative defense, plaintiff has not fulfilled the requirements to seek damages pursuant to California Code of Civil Procedure section 377.60 et seq.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

121.   As a separate and distinct affirmative defense, Defendant states that other defenses may exist as to Plaintiff's COMPLAINT, and that Defendant does not waive, but rather reserves the right to assert said defenses.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-18-

1    WHEREFORE, this answering Defendant prays for judgment as follows:

2    1.    That Plaintiff takes nothing by reason of her Complaint, and that

3    judgment be entered in favor of Defendant;

4    2.    That this answering Defendant recover his costs of suit incurred herein,

5    including reasonable attorneys' fees; and;

6    3.    For such other and further relief as the Court deems proper and just.

7

8

9    DATED: June 24, 2016          HURRELL CANTRALL LLP

10

11

12

13   By: _____
        THOMAS C. HURRELL
14      WARREN M. WILLIAMS
        ANGELA Y. PARK
15      Attorneys for Defendant OFFICER
        CLIFFORD PROCTOR
16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-19-

**<u>DEMAND FOR JURY TRIAL</u>**

Defendant hereby respectfully demands a trial by jury on all claims in the within action as provided by Federal Rule of Civil Procedure, Rule 38(a) and (b).

DATED: June 24, 2016                    HURRELL CANTRALL LLP


By: _____
          THOMAS C. HURRELL
          WARREN M. WILLIAMS
          ANGELA Y. PARK
          Attorneys for Defendant OFFICER
          CLIFFORD PROCTOR

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 300 South Grand Avenue, Suite 1300, Los Angeles, California 90071.

On June 24, 2016, I served true copies of the following document(s) described as **DEFENDANT OFFICER CLIFFORD PROCTOR'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address eolivares@hurrellcantrall.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 24, 2016, at Los Angeles, California.

_____
Edilma Olivares

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

**SERVICE LIST**
**Camprone v. City of Los Angeles, et al.**
**Case No. CV16-00885-R-JC**

**Attorneys for Plaintiff**
**SHERYN CAMPRONE**
Vincent James DeSimone, Esq.
Kaveh Navab, Esq.
V. JAMES DESIMONE LAW
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Phone: 310-693-5561
Fax: 310-399-7040
Email: vjdesimone@gmail.com
          navablaw@gmail.com

John Raphling, Esq.
LAW OFFICE OF JOHN RAPHLING
723 Ocean Front Walk
Venice, CA 90291-3270
Phone: 310-450-8093
Fax: 310-450-8490
Email: johnraphling@yahoo.com

***Attorneys for Defendants CITY OF***
***LOS ANGELES, Police Chief***
***CHARLIE BECK***
Colleen R Smith
Office of the City Attorney
City Hall East
200 North Main Street 6th Floor
Los Angeles, CA 90012-4129
Phone: 213-978-7027
Fax: 213-978-8785
Email: colleen.smith@lacity.org

--